UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

Debtor(s)  Everett Glenn Rhoades, Jr.                    CASE NO.:    8:23-bk-05340

**AMENDED CHAPTER 13 PLAN**

A.   **NOTICES.**

Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| | | |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation that may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | ☐ Included | ■ Not included |
| Provisions for student loan(s), set out on Section E. | ☐ Included | ■ Not Included |
| Nonstandard provisions, set out in Section E. | ☐ Included | ■ Not included |
| THIS AMENDED PLAN PROVIDES FOR PAYMENTS TO CREDITOR/LESSOR [NAME OF THE SECURED CREDITOR/ LEESOR] TO BE INCLUDED IN PLAN PAYMENTS; THE AUTOMATIC STAY IS REINSTATED AS TO THIS CREDITOR. | ☐ Included | ■ Not included |

**NOTICE TO DEBTOR:  IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION C.5(i) OF THIS PLAN, TO SURRENDER THE SECURED CREDITOR'S COLLATERAL UNDER SECTION C.5(j), TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION C.5(k), OR IF PAYMENTS TO A SECURED CREDITOR ARE NOT SPECIFICALLY INCLUDED IN THE PLAN PAYMENTS, THE AUTOMATIC STAY DOES NOT APPLY, AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.**

**SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR LOANS, AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL.**

B.   **MONTHLY PLAN PAYMENTS.**
**Plan payments ("Plan Payments") include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make Plan Payments to the Trustee for the period of 60 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors**

1.  $989.00    from month    1    through    60   ;

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.
Effective: December 4, 2023

**C.     PROPOSED DISTRIBUTIONS.**

      **1.     ADMINISTRATIVE ATTORNEY'S FEES.**

| | | | | | |
|---|---|---|---|---|---|
| **Base Fee** | $5,000.00 | **Total Paid Prepetition** | $997.00 | **Balance Due** | $4,003.00 |
| **MMM Fee** | $0.00 | **Total Paid Prepetition** | $0.00 | **Balance Due** | $0.00 |

**Estimated Monitoring Fee at** $50.00 **per Month.**

**Attorney's Fees Payable Through Plan at** $500.00 **Monthly (subject to adjustment).**

☒ NONE    **2.  DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A)).**

☐ NONE    **3.     PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last 4 Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
| 3066 | IRS | $2,932.45 |

    **4.     TRUSTEE FEES.** From each Plan Payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

    **5.     SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Debtor's Plan Payments are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

> ☒ NONE   **(a)     Claims Secured by Debtor`s Principal Residence that Debtor Intends to Retain— Mortgage, HOA and Condominium Association Assessments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's principal residence. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.
>
> Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column.

| ☐ NONE | **(b)** **Claims Secured by Other Real Property that Debtor Intends to Retain—Mortgage, HOA and Condominium Association Assessments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5)**. Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's real property. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.<br><br>Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column. |
|---|---|
| ☐ NONE | **(c)** **Claims Secured by Real Property—Debtor Seeks Mortgage Modification Mediation (MMM). No later than 90 days from the petition date or the date the case converts to Chapter 13, Debtor shall file a motion seeking MMM. Information and forms related to MMM are available in the Court's Procedure Manual on the Court's website, www.flmb.uscourts.gov.** Pending the resolution of the MMM, the Plan Payments must include the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner's association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property. Notwithstanding the foregoing, the adequate protection payment must be no less than the amount sufficient to pay (1) homeowner's association fees, and (2) 1/12 of the annual ad valorem property taxes and annual homeowner's insurance premium. If Debtor obtains a modification of the mortgage, the modified payments must be included in the Plan Payments. Debtor will not receive a discharge of personal liability on these claims. |
| ☐ NONE | **(d)** **Claims Secured by Real Property or Personal Property to Which 11 U.S.C. § 506 Valuation Applies (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** Payment on the secured portion of the claim, estimated below, is included in the Plan Payments. Unless otherwise stated in Section E, the Plan Payments do not include payments for escrowed property taxes or insurance. |
| ☐ NONE | **(e)** **Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion (i) under 11 U.S.C. § 522 to avoid a judicial lien or a nonpossessory, non-purchase money security interest because it impairs an exemption or (ii) under 11 U.S.C. § 506 to determine secured status and to strip a lien. |
| ☐ NONE | **(f)** **Payments on Claims Secured by Real Property and/or Personal Property to Which 11 U.S.C. § 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for Debtor's personal use; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below. |
| ☐ NONE | **(g)** **Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2) and § 1322(c)(2) (for claims secured by Debtor's principal residence that mature during the Plan).** The following secured claims will be paid in full under the Plan with interest at the rate stated below. |

| ☑ NONE | **(h)** **Claims Secured by Personal Property—Maintaining Regular Payments and Curing Arrearages, if any, Under 11 U.S.C. § 1322(b)(5).** Under 11 U.S.C. § 1328(a)(1), unless the principal amount of the claim is paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims. |
|---|---|

| ☐ NONE | **(i)** **Secured Claims Paid Directly by Debtor.** The following secured claims are paid via automatic debit/draft from Debtor's depository account and will continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims. |
|---|---|

|   | Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|---|
| 1. | 2016 | PennyMac Loan Services | 13237 Jeter Creek Dr. |

| ☐ NONE | **(j)** **Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan. |
|---|---|

|   | Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|---|
| 1. | 0104 | Suncoast Credit Union | 2022 Roki Starcraft |
| 2. | Unknown | SellerFi Parent | Amazon Inventory & Receivables related to former business RBTM LLC |
| 3. | Unknown | Cucumber Capital LLC | Amazon Inventory & Receivables related to former business RBTM LLC |

| ☑ NONE | **(k)** **Secured Claims that Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. Because these secured claims are not provided for under the Plan, under § 1328(a), Debtor will not receive a discharge of personal liability on these claims. |
|---|---|

6. **LEASES/EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation of the Plan, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Plan Payments are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

☒ NONE   **(a)  Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan Under 11 U.S.C. § 1322(b)(7).** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows. Under 11 U.S.C. § 1328(a)(1), if the claim of the lessor/creditor is not paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

☐ NONE   **(b)  Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following leases/executory contracts that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these leases/executory contracts are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

|   | Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|---|
| 1. | Unknown | AT&T | Cell phones |

☒ NONE   **(c)  Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

7. **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above-referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than   $43,713.00

**D.     GENERAL PLAN PROVISIONS:**

1. Secured creditors, whether or not provided for under the Plan, shall retain the liens securing their collateral.

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by order of the Court.

3. If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

☐ (a) shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

☒ (b) shall vest in Debtor upon confirmation of the Plan.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5. Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6. Debtor must timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor must provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor must provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless consented to by the Trustee, or ordered by the Court, Debtor must turn over to the Trustee all tax refunds in addition to the Plan Payments. Debtor must not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor must not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

**E.     NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this Section are deemed void and are stricken.

NONE

Page 6 of 7

## CERTIFICATION

**By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.**

**SIGNATURE(S):**

<u>Debtor(s)</u>

/s/ Everett Glenn Rhoades, Jr.     Date 6/23/2024

_____     Date

<u>Attorney for Debtor(s)</u>

/s/ M Eric Barksdale     Date 7/3/2024

Page 7 of 7

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In Re:  Case No.: 8:23-bk-05340-RCT
Chapter 13 Case

EVERETT GLENN RHOADES, JR.

    Debtor.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing **Amended Chapter 13 Plan** have been provided to the following listed below; on this __3rd__ day of _July_, 2024.

*Sent via first class U.S. mail, postage prepaid, or electronically, to:*
OFFICE OF THE US TRUSTEE

KELLY REMICK, Chapter 13 Trustee

ALL PARTIES ON THE CURRENT MAILING MATRIX

EVERETT RHOADES, JR., 13237 Jeter Creek Dr., Riverview, FL 33579


    /s/ M. Eric Barksdale
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
E-Mail: don@brandonlawyer.com
M. ERIC BARKSDALE, ESQUIRE
Florida Bar No. 0845353
E-Mail: eric@brandonlawyer.com
THE GOLDEN LAW GROUP
429 Lithia Pinecrest Road
Brandon, Florida   33511
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701
Attorneys for Debtors

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:23-bk-05340-RCT<br>Middle District of Florida<br>Tampa<br>Wed Jul  3 14:54:04 EDT 2024 | Roberta A. Colton<br>Tampa<br>, FL | Pennymac Loan Services LLC<br>Tiffany & Bosco, PA<br>1000 Corporate Dr<br>Suite 150<br>Ft. Lauderdale, FL 33334-3655 |
| Everett Glenn Rhoades Jr.<br>13237 Jeter Creek Dr<br>Riverview, FL 33579-9408 | Suncoast Credit Union<br>c/o Nicole Mariani Noel<br>P.O. Box 800<br>Tampa, FL 33601-0800 | AT&T<br>208 S. Akard St.<br>Dallas, TX 75202-4206 |
| Amazon Lending<br>440 Terry Ave N<br>Seattle, WA 98109-5210 | American Express<br>Bankruptcy Department<br>16 General Warren Blvd.<br>Malvern, PA 19355-1245 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| Bank of America<br>PO Box 15312<br>Wilmington, DE 19850-5312 | Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 | Capital One<br>11013 W Broad St<br>Glen Allen, VA 23060-6017 |
| Capital One<br>PO Box 60511<br>City Of Industry, CA 91716-0511 | Capital One<br>Po Box 85064<br>Glen Allen, VA 23058 | Capital One N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 |
| Child Support Enforcement - Department of Re<br>PO Box 6668<br>Bankruptcy Section<br>Tallahassee, FL 32314-6668 | Cloud fund LLC<br>187 Wolf Road<br>Suite 101<br>Albany, NY 12205-1138 | Cucumber Capital LLc<br>445 Central Ave<br>Cedarhurst , NY 11516-2001 |
| Department of Revenue<br>PO Box 6668<br>Tallahassee, FL 32314-6668 | Internal Revenue Service<br>Centralized Insolvency Operation<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| (p)JD RECEIVABLES LLC<br>PO BOX 382656<br>GERMANTOWN TN 38183-2656 | Josh Rojas<br>7614 Maroon Peak Dr<br>Ruskin, FL 33573-0104 | Josh Rojas<br>7614 Maroon Peak Dr<br>Sun City Center, FL 33573-0104 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | M&T BANK<br>PO Box 1508, Buffalo, NY 14240 | Mark Rowe: Hometown Hardware<br>1085 Hwy 49<br>Flora, MI 39071-8006 |
| PLG Capital Holdings LLC<br>10312 Bloomingdale Ave Ste 108 PMB 127<br>Riverview , FL 33578-3603 | Payability<br>61 broadway<br>New York , NY 10006-2701 | PennyMac Loan Services<br>PO Box 660929<br>Dallas, TX 75266-0929 |

| | | |
|---|---|---|
| Recovery Solutions Group LLC: Everest Busine<br>1008 Mattlind Way<br>Milford, DE 19963-5300 | SellerFi Parent<br>1545 Route 202<br>1545 Route 202<br>Pomona, NY 10970-2951 | Sellers Funding Corp<br>1290 Weston Road Suite 306<br>Weston, FL 33326-1973 |
| Silver Line Services Inc<br>1334 Peninsula Boulevard Suite 160<br>Hewlett , NY 11557-1226 | Silverline Services, Inc.<br>c/o Zachter PLLC<br>2 University Plaza, Suite 205<br>Hackensack, NJ 07601-6211 | Sun Bum<br>444 South Coast Highway 101<br>Encinitas, CA 92024-3580 |
| Suncoast Credit Union<br>3300 N Armenia Ave, Tampa<br>Tampa, FL 33607-1618 | Suncoast Cu<br>Po Box 11904<br>Tampa, FL 33680-1904 | Suncst Cu<br>6801 Hills Ave<br>Tampa, FL 33680 |
| Syncb/Ppc<br>Po Box 965005<br>Orlando, FL 32896-5005 | Travis Aultman<br>136 Foxfield Park Dr.<br>Mooresville, NC 28115-7885 | United States Trustee - TPA7/13 7+<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |
| G Donald Golden +<br>The Golden Law Group<br>429 Lithia Pinecrest Road<br>Brandon, FL 33511-6138 | Jason A Weber +<br>Tiffany & Bosco, P.A.<br>1000 Corporate Drive, Suite 150<br>Fort Lauderdale, FL 33334-3655 | Nicole Mariani Noel +<br>Kass Shuler, P.A.<br>PO Box 800<br>Tampa, FL 33601-0800 |
| Kelly Remick +<br>Chapter 13 Standing Trustee<br>Post Office Box 89948<br>Tampa, FL 33689-0416 | Michael Eric Barksdale +<br>The Golden Law Group<br>429 Lithia Pinecrest Road<br>Brandon, FL 33511-6138 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

JD Receivables LLC
Agent of Everest Business Funding
PO Box 382656
Germantown, TN 38183

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Josh Rojas<br>7614 Maroon Peak Dr.<br>Sun City Center, FL 33573-0104 | End of Label Matrix<br>Mailable recipients    47<br>Bypassed recipients     1<br>Total                  48 |